UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

PENNY A. RICHARDS,                )
                                  )
        *Plaintiff*,              )
                                  )        Case No. 2:08-cv-279
v.                                )        Judge Mattice
                                  )
JOHNSON & JOHNSON, *et al.*,      )
                                  )
        *Defendants.*             )

## MEMORANDUM AND ORDER

Plaintiff Penny Richards brought this Employment Retirement Income Security Act ("ERISA") action against Johnson & Johnson ("J & J"), Reed Group, Ltd. ("Reed Group"), Janssen Pharmaceutica, Inc. ("Janssen"), the Pension Committee of Johnson & Johnson ("Pension Committee"), and the Long Term Disability Income Plan for Choices Eligible Employees of Johnson & Johnson and Affiliated Companies ("LTD Plan" or "Plan").[1] Plaintiff alleged a cause of action under 29 U.S.C. § 1132(a)(1)(B). [Court Doc. 1, Compl.] The Complaint sought judicial review of a termination of long-term disability ("LTD") insurance benefits under the Plan, which took effect as of January 10, 2007.

The Court previously accepted and adopted Magistrate Judge Lee's Report and Recommendation ("R&R") [Court Doc. 36] on Plaintiff's Motion for Judgment on the Pleadings and two competing Motions to Strike in its Memorandum and Order [Court Doc. 41] of February 8, 2010. In that Order, the Court found that Defendants acted arbitrarily and capriciously when they denied Plaintiff's claim, reversed Defendants' decision to terminate Plaintiff's benefits, and remanded Plaintiff's claim to Defendants for a

---

[1] The Court will generally refer to these parties collectively as "Defendants" throughout, unless the factual circumstances require the Court to refer specifically to fewer than all Defendants.

determination of whether Plaintiff was totally disabled for any occupation.

Presently before the Court is Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses [Court Doc. 42]. Magistrate Judge Lee filed her Report and Recommendation [Court Doc. 61] on May 12, 2010. Defendants have timely objected to the R&R and Plaintiff has timely responded. [Court Docs. 62 & 63.]

For the reasons stated below, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Lee's Report and Recommendation.

## I.    STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the R&R to which objections have been filed, the Court will directly review the decision-making process underlying the recommendation that Plaintiff be awarded attorney's fees.

In an ERISA case, district courts have broad discretion to award attorney's fees requested pursuant to 29 U.S.C. § 1132(g). *Maurer v. Joy Technologies, Inc.*, 212 F.3d 907, 919 (6th Cir. 2000). In making this determination, the Court must review the five factors outlined in *Sec'y of Dep't of Labor v. King*, 775 F.2d 666 (6th Cir. 1985):

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* at 669.

## II.    FACTS

The Report and Recommendation contained a summary of the facts in this case as well as the proceedings to this point.  The parties have not objected to the facts statement contained in Magistrate Judge Lee's R&R, and the Court finds no error in Magistrate Judge Lee's findings of fact.  Accordingly, the Court hereby **ADOPTS BY REFERENCE** the entire background section of the R&R. (Court Doc. 61, R&R at 2-8.)

## III.    ANALYSIS

Defendants assert the following objections to Magistrate Judge Lee's R&R, many of which concern Magistrate Judge Lee's findings as to some of the *King* factors.  First, Defendants claim that Plaintiff has not achieved a degree of success on the merits of her claim and cannot receive attorney's fees.  (Def.s' Objs. at 1.)  Second, Defendants argue that Plaintiff's Motion is premature and not ripe.  (*Id.*)  Third, Defendants dispute Magistrate Judge Lee's determination that they acted culpably in denying Plaintiff's claim for benefits. (*Id.*)  Fourth, Defendants contend that an award of attorney's fees will not have a deterrent effect.  (*Id.*)  Fifth, Defendants assert that the relative merits of the parties' positions do not support an award of attorney's fees.  (*Id.* at 2.)  Sixth, Defendants claim that any award granted would be appropriately reduced due to "block billing."  (*Id.*)  Seventh, Defendants argue that the billing of time by the two attorneys on the case was duplicative and excessive.  (*Id.*)  Finally, Defendants generally assert that Plaintiff is not entitled to attorney's fees.  (*Id.*)  The Court will address each objection in turn.

### A.    Degree of Success on the Merits

Magistrate Judge Lee did not specifically address whether Plaintiff had to be the

prevailing party in order to obtain attorney's fees; instead, Magistrate Judge Lee merely noted that Plaintiff likely needed to establish some success on the merits and found that the Court's grant of a remand, although not the ultimate relief requested by Plaintiff, was sufficient to support an award of attorney's fees, assuming that the review of the factors outlined in *King* supported such an award. (R&R at 8-9.) Magistrate Judge Lee relied on the case *McKay v. Reliance Standard Life Ins. Co.*, 654 F. Supp.2d 731, 733-36 (E.D. Tenn. 2009) and noted that "this Court has recognized that fees may be awarded to a party who, although she 'has not experienced ultimate success in the sense of winning h[er] benefits claim,' has nonetheless 'received another shot at those benefits by achieving a remand.'" (R&R at 8-9; quoting *McKay*, 654 F. Supp.2d at 736).

At the time that Magistrate Judge Lee filed her R&R, the Supreme Court of the United States had not yet issued an opinion in the case of *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149 (2010), which the Court finds dispositive of this issue. Defendants had the benefit of the *Hardt* decision on this issue when they filed their objections, but Defendants attempt to distinguish the facts of that case. (Def.s' Objs. at 2.) Defendants claim that because the Court did not grant Plaintiff an award of LTD benefits, she has not achieved a degree of success. (*Id.*) Defendants assert that the Court merely ordered a remand of Plaintiff's claim and "did not opine whether the evidence in the record might or would support a finding" that Plaintiff was totally disabled for any occupation. (*Id.* at 3.) Defendants characterize the Court's remand as a rather unfavorable outcome for Plaintiff and contend that they now have another opportunity to exercise discretion over Plaintiff's claim. (*Id.*)

As a preliminary matter, the Court notes that there is no express statutory requirement that the requesting party be the successful party before an award of attorney's fees may be made. In fact, in the *McKay* case cited by Magistrate Judge Lee, this Court had previously noted that there was a significant split in authority on the question of whether the party moving for attorney's fees in an ERISA case must be the successful party. In *McKay*, the Court found that the applicable statute, 29 U.S.C. § 1132(g)(1), did not require the plaintiff to be a prevailing party and noted that "even if it did, Plaintiff has achieved some degree of success such that an award of fees could be–but at this stage, is not necessarily–reasonable." *McKay*, 654 F. Supp.2d at 736.

In *Hardt*, the Supreme Court held that "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fee award under § 1132(g)(1)." *Hardt*, 130 S. Ct. at 2156. The *Hardt* Court found it necessary, however, to review the district court's exercise of discretion in awarding attorney's fees under the circumstances of the case. *Id.* at 2156-57. The Court determined that the plaintiff in that case, who was awarded a remand of her claim to the plan administrators, "has achieved far more than 'trivial success on the merits' or a 'purely procedural victory.' Accordingly, she has achieved 'some success on the merits'" and the award of fees was appropriate. *Id.* at 2159.

Based on the guidance from *Hardt*, the Court finds that Plaintiff does qualify as the prevailing party in this case, even in the absence of such a requirement in the statute. Both *Hardt* and *McKay* found that the respective plaintiffs had achieved success on the merits by obtaining a remand of the claim, and that is the precise situation presented in the instant case. Defendants attempt to distinguish *Hardt* by claiming that

> This Court did not opine whether the evidence in the record might or would support a finding that Plaintiff's conditions met the more exacting Any Occupation definition. Indeed, this Court remanded the claim to the LTD Plan for the Plan Administrator to exercise its discretion to make that determination. Also, this Court did not constrain that review in any fashion. This is not the result Plaintiff hoped to achieve.

(Def.s' Objs. at 3.) To the contrary, the Court recited Plaintiff's extensive medical history as it pertained to her diagnosis and treatment of MS, noted that Reed Group had likely improperly characterized her disability in their records, which led to potentially significant problems with the evaluation of her disability, and stated that "[t]he volume of medical records relating to Plaintiff's progressive condition as a result of MS is *substantial and very consistent. There may be a way for Defendants to substantiate Plaintiff's disability using the medical records currently available in the record.*" (Court Doc. 41 at 17-21, 19 n. 2, and 23 n. 3.) (emphasis added). The Court did not make a definitive statement that Plaintiff was totally disabled for any occupation because, like the district court in *Hardt*, the Court wanted to give Defendants the opportunity to address the many deficiencies that occurred during review of Plaintiff's claim. The Court certainly views its remand of Plaintiff's claim as a success on the merits and would strongly recommend that Defendants undertake an extensive and appropriate review of Plaintiff's claim on remand. Therefore, the Court finds that Plaintiff's remand is just as much an indication of success on the merits as the respective remands in *Hardt* and *McKay*, and the Court **OVERRULES** Defendants' objections on this issue.

## B. Ripeness of Plaintiff's Motion

Defendants claim that Plaintiff's request for attorney's fees is premature because

it was filed only 14 days after the Court's Order remanding Plaintiff's claim to Defendants. (Def.s' Objs. at 4.)  This is not actually an objection to Magistrate Judge Lee's R&R, but is rather an objection to a March 10, 2010 Order by Magistrate Judge Lee which stated that Plaintiff's motion was only previously unripe because Plaintiff had not submitted documentation regarding the amount of fees.  (Court Doc. 48.)  Defendants take issue with this statement and assert that because the remand is not a final decision, Plaintiff must wait to file her request after Defendants have assessed the claim again and made their determination.  (*Id.* at 5.)  Defendants point out that, on remand, they may deny Plaintiff's claim and the Court might eventually grant judgment for Defendants, rendering an award of attorney's fees to Plaintiff inappropriate.  (*Id.*)

Plaintiff responds by citing to the *McKay* case, in which this Court previously awarded attorney's fees for costs incurred to obtain the remand before the plaintiff's claim had been reviewed on remand.  (Pl.'s Resp. at 4.)  Plaintiff contends that the Motion was properly filed 14 days after entry of the Court's order pursuant to Federal Rule of Civil Procedure 54(d)(2) and, if it had not been, Defendants would likely use that deadline to argue that the Motion was untimely.  (*Id.* at 4-5.)

Plaintiff's original request for attorney's fees was in her Complaint, filed on October 20, 2008, and this request was referenced again in her Memorandum in Support of Long-Term Disability Benefits (or, as the Court interpreted it, a Motion for Judgment on the Pleadings) filed on May 15, 2009.  (Court Docs. 1 & 30.)  When the Court concluded that Plaintiff's request was unripe in its Memorandum and Order, the Court was concluding that Plaintiff's *initial* requests - in October 2008 and May 2009 - were unripe.  (Court Doc. 41.) The Court did not even address the issue of when Plaintiff would be able to file a motion

for attorney's fees, but it is reasonable that Plaintiff might file such a Motion after the Court's decision to remand the claim to Defendants was filed on February 8, 2010. (*Id.*) Therefore, the fact that Plaintiff filed her Motion a mere 14 days after the Court's Order is of no moment and is not contrary to the Court's determination on that issue.

Moreover, the Court will follow its previous decision in *McKay* to find that an award of attorney's fees would be appropriate at this time. As noted in *McKay*, "even if [the plaintiff] is ineligible for benefits, he has still seen success on the merits because his case was remanded for further consideration." *McKay*, 654 F. Supp.2d at 736. Indeed, even if Defendants are ultimately successful in denying Plaintiff's claim for benefits, which the Court thinks unlikely, the Court has already found that the initial denial of Plaintiff's claim was sufficiently improper to warrant further determination by Defendants. The attorney's fees that Plaintiff incurred to litigate this denial of benefits, therefore, are reasonably recoverable at this stage, provided that the *King* factors weigh in favor of an award. Accordingly, Defendants' objection on this issue is **OVERRULED**.

### C. Culpability of Defendants

Magistrate Judge Lee found that Defendants acted culpably by ignoring evidence of Plaintiff's disability and focusing on Plaintiff's "supposed refusal" to cooperate with the INE. (R&R at 9-10.) Magistrate Judge Lee further noted that Defendants' failure to explain the inadequacy of Plaintiff's doctor's letter constituted a violation of federal regulations and was also culpable. (*Id.* at 10.) Magistrate Judge Lee concluded that Defendants essentially found that "Plaintiff was too disabled to prove her disability," that this behavior was culpable, and that this factor weighed in favor of an award. (*Id.*)

Defendants object to Magistrate Judge Lee's finding that they acted culpably. (Def.s' Objs. at 6-7.) Defendants assert that Plaintiff "refused to participate" in the INE and this refusal made it impossible for Defendants to determine if she was disabled for any occupation; therefore, Defendants had the ability to terminate her benefits under the Plan. (*Id.* at 6.) Defendants acknowledge that the Court found that Defendants' decision to terminate Plaintiff's benefits was arbitrary and capricious, but argue that this did not rise to the level of culpability. (*Id.* at 7.) Defendants state that a finding of culpability would have a chilling effect on the ability of plan administrators to exercise their fiduciary duties to follow the terms of the plan "when faced with a claim for benefits by a single participant who is recalcitrant or otherwise uncooperative when asked to undergo an examination that is specifically allowed for under the plan document." (*Id.*)

Plaintiff argues that Defendants mischaracterize the Court's reasoning for finding that the decision to terminate Plaintiff's benefits was arbitrary and capricious because the Court held that Plaintiff was not recalcitrant or uncooperative. (Pl.'s Resp. at 5.) Plaintiff asserts that the Court found that Defendants failed to fully review her claim, ignored additional medical records submitted after the termination, and failed to properly consider the Social Security Administration's determination of disability and Plaintiff's letter from her doctor regarding the INE. (*Id.* at 5-6.) Plaintiff also points out that Defendants' reason for the termination of benefits "shifted over time" and asserts that the Court should follow *McKay* to find that its reversal of Defendants' decision to terminate benefits due to arbitrariness and capriciousness is evidence of culpability. (*Id.* at 6-7.)

The Court agrees with Plaintiff that Defendants have mischaracterized the Court's

findings and conclusions in its Order. The Court never found that Plaintiff refused to participate in the INE or that she was uncooperative and recalcitrant. In fact, the Court came to the opposite conclusion and stated as follows:

> The medical evidence before the Court is persuasive that Plaintiff's condition was serious and that she was experiencing progressively worsening physical and neurological symptoms as her MS treatments failed. . . . There is also every indication that Plaintiff cooperated with Reed Group's request that she submit to an INE, to the extent possible. Plaintiff cooperated with Reed Group's request for a doctor's letter to certify that she was unable to participate in the INE, and she arrived at the scheduled time for the INE with the letter that had also been faxed to Reed Group a week earlier. If Dr. Hollandsworth's letter was not sufficiently detailed, Reed Group could have contacted him to inquire about Plaintiff's status and her ability to participate in an INE with possible accommodations at a later date. If Reed Group needed multiple doctors to confirm Plaintiff's inability to participate in the INE and comment on her medical conditions, Reed Group could have informed Plaintiff of this need, and Plaintiff likely would have complied accordingly. For that matter, Reed Group could have inquired of Plaintiff herself how or when she might be able to participate in an INE.
>
> Reed Group took none of those actions; instead, Defendants terminated Plaintiff's benefits for refusal to cooperate with the evaluation or her disability. This was in the absence of any evidence that Plaintiff was refusing to cooperate with the Plan requirements, and Defendants have not advanced any valid evidence that Plaintiff was medically able to participate in the INE but willfully refused to cooperate with this evaluation.

(Mem. and Order at 21-22.) The Court also found that Defendants violated federal regulations by mishandling Plaintiff's appeal of the denial and by failing to give her the appropriate information necessary to appeal. All of these actions convinced the Court that Defendants acted arbitrarily and capriciously in denying Plaintiff's claim for benefits and now convince the Court that Defendants acted culpably in making this decision.

Under the circumstances, the Court agrees with Magistrate Judge Lee's determination that Defendants acted culpably in denying Plaintiff's claim for benefits and that this factor weighs in favor of an award of attorney's fees.  Accordingly, Defendants' objections to this finding are **OVERRULED**.

### D.     Deterrent Effect of an Award

Magistrate Judge Lee found that an award of attorney's fees would have a deterrent effect on these Defendants and other plan administrators because Defendants both misinterpreted a term in the Plan and failed to adequately convey to Plaintiff why her actions constituted a refusal to cooperate and the necessary documentation needed to perfect her appeal.  (R&R at 11.)  Magistrate Judge Lee found that this violation of the federal regulations was the type of conduct that can and should be deterred, and that this factor weighed heavily in favor of a fee award.  (*Id.*)

Defendants appear to argue that Magistrate Judge Lee incorrectly interpreted this Court's Order and that Plaintiff is actually at fault for Defendants' denial of her claim because "Plaintiff was put on notice of her failure to submit medical evidence to support why she was unable to complete the INE in the First Appeal Denial Letter, and she was given the opportunity to cure it as part of the second level of appeal.  Ultimately, Plaintiff chose not to do so."  (Def.s' Objs. at 8.)  Defendants further claim that Magistrate Judge Lee's finding is not supported by the facts and again suggests that because a single participant (presumably Plaintiff) was "recalcitrant or otherwise uncooperative," an award of fees would have a chilling effect on the ability of plan administrators to exercise their duties to other participants who are, presumably, cooperative.  (*Id.*)

The Court has already resolved the factual contentions presented by Defendants and, in light of the Court's previous Memorandum and Order, Defendants have nothing to gain by continuing to assert that their interpretation of the facts is correct. Regardless of Defendants' displeasure with the Court's determination, Magistrate Judge Lee was correct that the Court found that Plaintiff was not provided with the information necessary to perfect her appeal. The Court has already addressed this issue in length, but to reiterate the facts found by the Court, when Plaintiff's claim was denied, the letter essentially stated that the denial was due to an inability to substantiate her disability, which was tied to the failed INE. (Mem. and Order at 9.) The letter sent to Plaintiff denying her first appeal was very similar. (*Id.* at 9-10.) These letters, however, also invited Plaintiff to submit additional documents and promised a "full and fair review" of her claim, which would take into account all "documents, records, and other information submitted." (*Id.* at 10-11.) Plaintiff did submit medical records that had been previously held by Broadspire in an attempt to substantiate her disability. (*Id.* at 11.) Apparently immediately upon receipt of these records, Defendants upheld the denial with a notation that said Plaintiff had not supplied medical information to support why she could not participate in the INE. (*Id.*)

As the Court has already stated in its Order:

> The termination letter clearly stated that Plaintiff lacked documentation to certify her ongoing disability, not that she lacked documentation to prove that she was unable to complete the INE. Plaintiff offered more medical records to cure the lack of information available to Defendants when they terminated her benefits, but it appears that this additional documentation was essentially ignored and Defendants changed their reasoning to make the termination solely about Plaintiff's incomplete INE. It was not until the letter denying Plaintiff's first appeal that Defendants stated that they required information to explain why Plaintiff could not participate in the

INE. Even this statement begins with the word "additionally," as if it is a secondary issue to the fact that Defendants apparently lacked information to certify Plaintiff's disability.

(*Id*.) The Court further stated:

> The Court cannot credit Defendants' assertion that it terminated Plaintiff's benefits due to her failure to participate in the INE because the evidence on the record demonstrates that Defendants failed to even make such a statement, and certainly failed to adequately explain their contention that they did not have sufficient medical documentation. Instead, Defendants merely stated that there was a lack of medical proof to certify Plaintiff's disability, and cited from Plan language that no individual will be considered disabled if they "refuse[] to cooperate with respect to the evaluation of his/her Total Disability or continuing Total Disability." The Court agrees with Magistrate Judge Lee's finding that Defendants completely failed to explain how Plaintiff's refusal to participate in the INE for medical reasons was a failure to cooperate with the evaluation of her disability. Furthermore, by failing to explain this conclusion and failing to indicate that Defendants sought information as to why Plaintiff could not participate in the INE, Defendants completely failed to provide Plaintiff with the information necessary to properly appeal the termination. This directly conflicts with Defendants' duties under 29 C.F.R. § 2560.503-1(g), because Defendants were required to explain what additional information would be necessary to perfect Plaintiff's claim. Instead, Defendants neglected to inform Plaintiff that Dr. Hollandsworth's letter was unacceptable. In addition, Defendants neglected to request any information verifying Plaintiff's inability to participate in the INE until after they had already denied Plaintiff's first appeal. This failure made it essentially impossible for Plaintiff to appeal her claim successfully.

(*Id.* at 15-16.)

The Court rejects all of Defendants' contentions regarding the facts because the Court has already found the facts to be essentially the opposite of what Defendants initially advanced and now continue to argue. The Court has already stated in this Order that it never found Plaintiff to be uncooperative and recalcitrant, has already found that

Defendants acted both procedurally and substantively arbitrarily and capriciously, and has found in this Order that Defendants acted culpably. Therefore, the Court rejects Defendants' argument that an award of fees would have a chilling effect on the exercise of fiduciary duties to plan participants and instead finds that an award of fees would have the appropriate deterrent effect. Defendants failed to properly comply with federal regulations and the terms of its own Plan, and the punishment of such behavior through an award of attorney's fees can certainly have an appreciable deterrent effect on other plan administrators.

Accordingly, the Court finds that an award of attorney's fees to Plaintiff would have a deterrent effect on other plan administrators, and the Court **OVERRULES** Defendants' objections in this regard.

### E.    Respective Merits

Magistrate Judge Lee found that Plaintiff's position on the merits "significantly outweighed" the position of Defendants because the Court ruled that Defendants acted arbitrarily and capriciously when it denied Plaintiff's claim for benefits, and Plaintiff's remand was a favorable outcome for Plaintiff. (R&R at 12.) Magistrate Judge Lee therefore found that this factor weighed in favor of awarding fees. (*Id.*)

Defendants argue that the Court's remand of Plaintiff's claim signifies that Plaintiff's position on the merits is not strong and that the Court merely restored the status quo. (Def.s' Objs. at 9.) Defendants assert that because this remand was not the kind of relief sought, Plaintiff's position on the merits is in fact equal to Defendants' position on the merits. (*Id.*)

Plaintiff counters that the Court found no merit in Defendants' arguments when it found that Defendants acted arbitrarily and capriciously. (Pl.'s Resp. at 8.) Plaintiff points out that the arbitrary and capricious standard is a low standard for Defendants and Plaintiff's success in achieving remand indicates that Plaintiff's position was indeed meritorious. (*Id.*)    The Court agrees with Magistrate Judge Lee's finding that Plaintiff's position on the merits outweighed Defendants' position on the merits.  The Court rejects Defendants' contention that the positions of the parties are relatively equal; on the contrary, the Court's findings in its previous Order indicated that Defendants' position was substantially less meritorious than that of Plaintiff.  The Court's award of a remand signified that Plaintiff had a much stronger position on the merits.  Accordingly, the Court agrees with Magistrate Judge Lee that this factor weighs in favor of an award of attorney's fees and the Court will **OVERRULE** Defendants' objections on this issue.

### F.    Block and Duplicative Billing

Defendants' final objections concern the amount of fees Magistrate Judge Lee recommended the Court award.  Defendants assert a general objection to the amount Magistrate Judge Lee recommended and more specifically object to the reasonableness of the fee award based on two issues: block billing and duplicative or excessive billing. (Def.s' Objs. at 10-12.)

Magistrate Judge Lee found that the billing records submitted by Plaintiff were adequately detailed even in block billing form and that there was no evidence advanced by Defendants that the time billed was unnecessary or excessive.  (R&R at 17-18.) Magistrate Judge Lee concluded that a reduction of the award for block billing would be

inappropriate.  (*Id.* at 18.)  As to duplicative and excessive billing, Magistrate Judge Lee found that Mr. Reecher worked on the briefs in a supervisory role, while Ms. Figueiras conducted the research and writing, and that there was nothing improper about both attorneys billing time for working collaboratively on the same briefs.  (*Id.* at 18-19.) Magistrate Judge Lee further found that the time spent on Plaintiff's brief for judgment on the pleadings was not excessive because this was a complex case with a significant amount at stake.  (*Id.* at 19.)

Defendants object to these findings and assert that the fee award, if granted, should be reduced by a flat percentage to compensate for block billing because the Court cannot determine the reasonableness of these hours.  (*Id.* at 10.)  Defendants further assert that the entries where both Mr. Reecher and Ms. Figueiras billed time for working on certain briefs should be deducted from any fee award because this time was duplicative.  (*Id.* at 11.)  Finally, Defendants argue that Ms. Figueiras spent an excessive amount of time writing and revising the brief on benefits and that the billing for this time should be appropriately reduced.  (*Id.* at 12.)

Plaintiff contends that Defendants do not reference any specific billing entry to question its reasonableness and thus have no basis for their argument in regards to block billing.  (Pl.'s Resp. at 8.)  Plaintiff asserts that it kept detailed records, the billing entries are clear and reasonable, and there was no duplication of effort.  (*Id.* at 9.)  Plaintiff credits Magistrate Judge Lee's finding that Mr. Reecher worked on briefs in a supervisory role and that Ms. Figueiras did much of the research and writing, and Plaintiff asserts that the amount of time Ms. Figueiras spent researching and drafting briefs was not excessive.

(*Id.*)

The Court agrees with Magistrate Judge Lee's finding that a reduction of the award due to block billing is unnecessary and inappropriate in this case. The Court has carefully reviewed the billing records of Plaintiff and finds that they are sufficiently detailed and the time spent on tasks appears to be reasonable. Beyond the general assertion that block billing can make it difficult to determine reasonableness of billing entries, Defendants have not advanced any argument directed to specific entries and appear to have no real basis for this claim. The Court does not find that block billing made it difficult to determine the reasonableness of billing entries in this case and **OVERRULES** Defendants' objections in that regard.

The Court also agrees with Magistrate Judge Lee's conclusion that no reduction of the fee award for allegedly duplicative or excessive billing was necessary. Defendants appear to contend that Mr. Reecher and Ms. Figueiras were spending time doing the same tasks, but the Court does not find that to be the case. Instead, as Magistrate Judge Lee noted in her R&R, it seems that Mr. Reecher took more a supervisory role in the drafting of documents, while Ms. Figueiras conducted much of the writing and implemented the revisions and suggestions of Mr. Reecher. In the context of this relationship, the Court finds that the billing entries were reasonable and appropriate.

Finally, the Court finds that the time Ms. Figueiras spent on Plaintiff's brief was not excessive. The Court agrees with Magistrate Judge Lee's finding that the amount of time spent working on the brief is reasonable in light of the complex facts, complex legal issues, and extensive administrative record. Defendant's objections on the issue of duplicative

and excessive billing are therefore **OVERRULED**.

The Court will also briefly address Defendants' general objections that Plaintiff should not be awarded attorney's fees and should not be awarded fees in the amount recommended. The Court has carefully reviewed Magistrate Judge Lee's R&R and finds that her analysis in regards to the *King* factors is well-supported by the facts of the case and the Court's findings in its previous Order. The Court agrees with Magistrate Judge Lee's finding that the *King* factors weigh heavily in favor of an award of attorney's fees. The Court also finds that Magistrate Judge Lee conducted an extensive analysis of the attorney's fees and costs requested and reduced the amount requested where appropriate. Therefore, Defendants' general objections to the award of attorney's fees and the amount of the fee award are **OVERRULED**.

## IV. CONCLUSION

Based on the above, the Court **ORDERS** the following:

• Magistrate Judge Lee's Report and Recommendation [Court Doc. 61] is **ACCEPTED AND ADOPTED** in its entirety;

• Defendants' Objections [Court Doc. 62] to Magistrate Judge Lee's Report and Recommendation are **OVERRULED**;

• Plaintiff's Motion for Attorneys' Fees and Nontaxable Expenses [Court Doc. 42] is **GRANTED**; and

• Plaintiff shall be awarded attorney's fees, costs and expenses in the amount of $47,831.41.

**SO ORDERED** this 12th day of August, 2010.

<u>         *s/Harry S. Mattice, Jr.*       </u>
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE